806 F.2d 258
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Inabelle STEVENSON, widow of Charles Stevenson, Petitioner,
v.
WINDSOR POWER HOUSE COAL COMPANY, and Director, Office of
Workers' Compensation Programs, United States
Department of Labor, Respondents.
Inabelle STEVENSON, widow of Charles Stevenson, Petitioner,
v.
WINDSOR POWER HOUSE COAL COMPANY, and Director, Office of
Workers' Compensation Programs, United States
Department of Labor, Respondents.
 Nos. 84-1829(L), 84-1893.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 10, 1986.
Decided Nov. 26, 1986.
 
 George R. Triplett on brief, for petitioner.
 Michael B. Victorson (Robinson & McElwee on brief), for respondent.
 Ben.Rev.Bd.
 AFFIRMED.
 Before SPROUSE and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Inabelle Stevenson, widow of Charles Stevenson, brought this claim for benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq., after her husband's death in 1976 from cancer of the head and throat. An administrative law judge (ALJ) awarded benefits on March 22, 1982. Charles Stevenson's employer, Windsor Power House Coal Company, appealed from the ALJ's decision to the Benefits Review Board of the United States Department of Labor. The Benefits Review Board issued a Decision and Order on May 24, 1984, holding that Charles Stevenson was not totally disabled due to pneumoconiosis at the time of his death, and denying benefits accordingly. The issue on appeal to this court is whether the decision of the ALJ was supported by substantial evidence. See Zbosnik v. Badgers Coal Co., 759 F.2d 1187 (4th Cir.1985). We agree with the Benefits Review Board that it was not, and so affirm.
 
 
 2
 The medical evidence consisted of approximately twenty x-rays and three doctors' opinions. Of the twenty-odd x-rays, only one was read as indicating pneumoconiosis, of grade 1/1. The same doctor who read that one positive film read at least two later x-rays as completely negative. None of the doctors were of the opinion that Charles Stevenson had been disabled from pulmonary problems at the time of his death. The two doctors who commented on the cause of death concluded that it was cancer.
 
 
 3
 On the basis of the one positive x-ray, the ALJ properly invoked the interim presumption of disability at 20 C.F.R. Sec. 727.203(a)(1). See Stapleton v. Westmoreland Coal Co., 785 F.2d 424, 426 (4th Cir.1986). But the ALJ erred in finding that the employer failed to rebut the presumption under Sec. 727.203(b). All of the evidence, other than the one x-ray, indicated that Charles Stevenson was not totally disabled from pneumoconiosis or other mining-related lung diseases. Inabelle Stevenson argues that death from cancer should qualify for benefits, but we must reject that contention as outside the statutory scheme. The cancer in this case, as the doctors' opinions made clear, was unrelated to Charles Stevenson's mine work. The Benefits Review Board was correct in finding that the ALJ lacked substantial evidence for his decision.
 
 
 4
 AFFIRMED.